1  JAN I. GOLDSMITH, City Attorney
   DANIEL F. BAMBERG, Assistant City Attorney
2  KEITH W. PHILLIPS, Deputy City Attorney
   California State Bar No. 190664
3       Office of the City Attorney
        1200 Third Avenue, Suite 1100
4       San Diego, California 92101-4100
        Telephone:  (619) 533-5800
5       Facsimile:   (619) 533-5856
        KPhillips@sandiego.gov
6
   Attorneys for Defendant
7  City of San Diego

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 MICHELLE DAVIS; NICOLE            ) Case No. 14cv1488 DMS (DHB)
   JOHNSON, CLAUDIA ARIZA,           )
11                                   ) **DEFENDANT CITY OF SAN**
                  Plaintiffs,        ) **DIEGO'S ANSWER TO**
12                                   ) **PLAINTIFFS' FIRST AMENDED**
         v.                          ) **COMPLAINT; DEMAND FOR**
13                                   ) **JURY TRIAL**
   CITY OF SAN DIEGO, a municipal    )
14 corporation; CHRISTOPHER R. HAYS, )
                                     ) Judge:   Hon. Dana M. Sabraw
15                Defendants.        ) Ctrm:    13A
                                     ) Trial:   Not Set
16

17       Defendant City of San Diego (hereinafter "Defendant"), answers Plaintiffs

18 Michelle Davis, Nicole Johnson and Claudia Ariza's (hereinafter collectively

19 "Plaintiff") Complaint as follows:

20       This answering Defendant alleges that Plaintiff's allegation of "at all material

21 times" and similar language is vague and ambiguous in that the allegations are from

22 1994 to present.  Therefore, when the allegation is for "all material times" or

23 similar language, the Defendant's response is limited to November 4, 2012, for

24 Michelle Davis, July 13, 2012, for Nicole Johnson and June 12, 2013, for Claudia

25 Ariza.

26 / / /

27 / / /

28 / / /

# GENERAL ALLEGATIONS

1. This answering Defendant has insufficient information to admit or deny the allegations contained in Paragraphs 1 through 3 and therefore, denies the same.

2. This answering Defendant admits that the City of San Diego is an incorporated municipality within California in response to Paragraph 4.

3. This answering Defendant admits that Defendant Hays was employed with the San Diego Police Department on November 4, 2012, July 13, 2012, and June 12, 2013, as a police officer. This answering Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 5 and therefore, denies the same.

4. This answering Defendant admits that Defendant Hays was employed with the San Diego Police Department on November 4, 2012, July 13, 2012, as a police officer. This answering Defendant denies the remaining allegations contained in Paragraph 6.

5. This answering Defendant alleges that Paragraphs 7 and 8 contain allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said Paragraphs 7 and 8 are denied.

6. This answering Defendant denies the allegations contained in Paragraphs 9 through 21.

7. This answering Defendant admits that Hays attended the police academy in 2010 and was hired as a police officer with the SDPD in 2010. This answering Defendant also admits Hays was about 26 years-of-age at the time and the son-in-law of SDPD Captain, and now Assistant Chief Mark Jones. This answering Defendant denies the remaining allegations contained in Paragraph 22.

///

8. This answering Defendant denies the allegations contained in Paragraphs 23 and 24.

9. This answering Defendant admits the SDPD terminated Arevalos' employment pursuant to its investigation of Jane Doe's allegations during a DUI traffic stop on March 9, 2011. This answering Defendant also admits that Arevalos was tried and convicted of crimes by the District Attorney's office. This answering Defendant alleges that the remaining portions of Paragraph 25 contain allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said Paragraph 25 is denied. Furthermore, Arevalos' convictions are equally available for review in the Courthouse.

10. This answering Defendant denies the allegations contained in Paragraphs 26 through 32.

11. In response to Paragraph 33, this answering Defendant admits that the San Diego Police Department arrested Hays on February 9, 2014, for felonies and misdemeanors allegedly committed against four victims. This answering Defendant admits that Hays resigned as a police officer from the SDPD on or about February 19, 2014. This answering Defendant admits that Hays pled guilty to one count of false imprisonment and two misdemeanor counts of assault under color of authority and the remaining charges were dismissed. This answering Defendant admits that the District Attorney filed a criminal complaint against Hays in the San Diego Superior Court. This answering Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 33 and therefore, denies the same.

### FIRST CAUSE OF ACTION

(Violation of Civil Rights, 42 U.S.C. § 1983, by Plaintiff Michelle Davis against Defendants City of San Diego, Christopher R. Hays)

12. Defendant realleges Paragraphs 1 through 11.

13. This answering Defendant denies that the vehicle Plaintiff Davis was in was involved in a collision and was not stopped because it "stalled out." This answering Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 35 and therefore, denies the same.

14. This answering Defendant denies the allegations contained in Paragraphs 36 through 37.

15. This answering Defendant alleges that Paragraph 38 contains allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said Paragraph 38 is denied.

16. This answering Defendant denies the allegations contained in Paragraphs 39 through 42.

## SECOND CAUSE OF ACTION

(Violation of Civil Rights, 42 U.S.C. § 1983, by Plaintiff Claudia Ariza against Defendants City of San Diego, Christopher R. Hays)

17. Defendant realleges Paragraphs 1 through 16.

18. This answering Defendant has insufficient information to admit or deny who resided at 3735 College Avenue, San Diego on June 12, 2013 as stated in Paragraph 44 and therefore, denies the same. Defendant admits the remaining allegations in Paragraph 44.

19. This answering Defendant denies the allegations contained in Paragraphs 45 through 46.

20. This answering Defendant has insufficient information to admit or deny the allegations of Paragraph 47 and therefore, denies the same.

21. This answering Defendant alleges that Paragraph 48 contains allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said Paragraph 48 is denied.

22. This answering Defendant denies the allegations contained in Paragraphs 49 through 52.

### THIRD CAUSE OF ACTION

(Violation of Civil Rights, 42 U.S.C. § 1983, by Plaintiff Nicole Johnson against Defendants City of San Diego, Christopher R. Hays)

23. Defendant realleges Paragraphs 1 through 22.

24. This answering Defendant admits that Defendant Hays stopped Nicole Johnson on July 13, 2012 for a non-functioning tail light that lasted 18 minutes or less. This answering Defendant denies the remaining allegations of Paragraph 54.

25. This answering Defendant alleges that Paragraph 55 contains allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said Paragraph 55 is denied.

26. This answering Defendant denies the allegations contained in Paragraphs 56 through 59.

### FOURTH CAUSE OF ACTION

(Violation of Civil Rights, 42 U.S.C. § 3789d, by All Plaintiffs against Defendant City of San Diego)

27. Defendant realleges Paragraphs 1 through 26.

28. This answering Defendant has insufficient information to admit or deny the allegations contained in Paragraph 61 and therefore, especially because it is vague as to time and therefore denies the same.

29. This answering Defendant denies the allegations contained in Paragraph 62.

///
///
///
///

# AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the First Amended Complaint on file herein, and to each cause of action, this answering Defendant alleges as follows:

## I

Plaintiffs had a duty and failed to mitigate their damages, if any by inter alia, failing to seek appropriate medical or psychological attention.

## II

Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## III

The individual Defendants, City of San Diego agents and employees and police officers, acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

## IV

Defendant City of San Diego is immune from liability in that a public entity is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

## V

Defendant City of San Diego is not liable for an injury arising out of an act or omission of its employees, where the subject employee is immune from liability.

## VI

Defendant City of San Diego is immune from punitive damages. (*City of Newport v. Fact Concerts Inc.*, 453 U.S. 247, 267 (1981).)

## VII

The individual Defendants, City of San Diego agents and employees and police officers, are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

## VIII

Defendant City of San Diego, its agents and employees, and the Defendant police officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

## IX

Defendant City of San Diego, its agents and employees, and the Defendant police officers are not liable for the execution or enforcement of the California Penal Code where due care is exercised.

## X

Defendant City of San Diego, its agents and employees, and the Defendant police officers are not liable for violation of the Plaintiffs' civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

## XI

At the time of the contact, the Defendant police officers attempted to persuade the Plaintiffs to follow directions and in doing so, only used force necessary for the occasion.

## XII

Plaintiffs were negligent in and about the matters alleged in the First Amended Complaint and said carelessness on their part proximately contributed to the happening of the alleged incident, their injuries and damages complained of, if any such exist.

## XIII

At the time of the initial contact, the Defendant police officers were acting within the scope of their employment and had probable cause to believe the Plaintiffs were engaging in, or had just engaged in, a prohibited activity. During the contact, the Defendant police officers were acting within the scope of their

///

employment and had probable cause to believe that said Plaintiffs had committed a crime.

### XIV

Plaintiffs do not have standing to seek relief for each and every cause of action as set forth in the First Amended Complaint.

### XV

The injuries and damages, if any, were the result of the exercise of the discretion vested in the public entity/defendants and each of them, and/or the officers, agents and/or employees of the public entity, and there is no liability therefore, including pursuant to the California Code, including the California Government Code, including sections 815.2(b) and 820.2.

### XVI

This answering Defendant and/or a public employee is not liable for their acts or omissions, while exercising due care, in the execution or enforcement of any law, including pursuant to a California or federal code or law, including pursuant to the California Government Code, including sections 820.4 and/or 815.2.

### XVII

This answering Defendant and/or public employee is not liable for an injury caused by the act or omission of another person, including pursuant to the California Government Code, including section 820.8.

### XVIII

This answering Defendant and/or a public employee is not liable for Plaintiffs' own acts and conduct caused the underlying events at issues in the First Amended Complaint to occur, and but for the acts of the Plaintiffs, the events alleged in the First Amended Complaint would not have occurred, and/or Plaintiffs would not have been involved or engaged or otherwise subject to the matters alleged in Plaintiffs' First Amended Complaint, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the

matters alleged, including any and all injuries, inconvenience and damages alleged in the First Amended Complaint.

**XIX**

The First Amended Complaint and/or certain counts, claims and/or causes of action therein is/are barred by operation of law, including the applicable statute of limitations for the claims, causes of action or counts, and/or applicable claims presentation requirements for each, any and/or the causes, counts or claims under California law, including but not limited to the following: that Plaintiffs failed to timely file their causes, counts or claims and/or First Amended Complaint as against certain Defendants and/or that Plaintiffs failed to comply with the claims presentation requirements, and/or late claims presentation requirements set forth in Government Code section 901, et seq., California Code of Civil Procedure section 335.1 et al. and as to Plaintiffs' claims concerning the individual defendant's instances of conduct, and the alleged *Monell* violation by the City of San Diego.

**XX**

As to the acts allegedly undertaken by the individual Defendants, and each of them, each and all of the said individuals, the individual Defendants are shielded from liability pursuant to the doctrine of qualified immunity. At all times, the conduct of the individual Defendants was reasonable, lawful, based on probable cause and within the scope of their official duties and employment.

**XXI**

Plaintiffs failed to exhaust their administrative remedies, including judicial remedies, prior to bringing suit.

**XXII**

This answering Defendant reserves the right to a jury trial.

**XXIII**

This answering Defendant reserves the right to allege and do affirmatively allege and state the avoidance and affirmative defenses set forth in Rule 8 as if fully

set forth herein, and particularly including assumption of risk, contributory negligence, negligence, estoppel, latches, res judicata, statute of limitations and waiver.

### XXIV

A reservation of right is made to allow amendment of the answer, to change or add an answer and/or affirmative defense.

### JURY DEMAND

Defendant respectfully demands a trial by jury in this action pursuant to Federal Rules of Civil Procedure, Rule 38(d).

### REQUEST FOR RELIEF

WHEREFORE, this answering Defendant prays for judgment as follows:

1. Plaintiffs take nothing by their Amended Complaint;
2. Defendant receives its costs of suit incurred herein; and
3. Such other relief as the court deems just and proper.

Dated: December 26, 2014  JAN I. GOLDSMITH, City Attorney

By /s/ *KEITH W. PHILLIPS*
Keith W. Phillips
Deputy City Attorney
KPhillips@sandiego.gov

Attorneys for Defendant
City of San Diego